IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KATHLEEN SEVASTOPOUOUS,<br><br>Petitioner,<br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER GRANTING [5] WELLS FARGO BANK, N.A.'S MOTION TO DISMISS<br><br>Case No. 2:17-cv-0072<br><br>District Judge David Nuffer |

Respondent Wells Fargo Bank ("Wells Fargo") filed the Motion to Dismiss ("Motion")[1] seeking (under Fed R. Civ. P. (12)(b)(6)) to dismiss Petitioner Kathleen Sevastopoulous's ("Petitioner") Petition for Relief for Wrongful Lien Under Utah Code Ann. § 38- 9-205; Request for Hearing under Utah Code Ann. § 38-9-205(3)(b) (the "Petition").[2] Wells Fargo argues that the encumbrance it has on property now owned by Petitioner cannot be a wrongful lien because Petitioner fails to allege that Wells Fargo recorded a lien without the authorization of the owner of the property at the time.[3] Petitioner opposed the Motion.[4] Wells Fargo replied in support.[5]

After reviewing the parties' filings and relevant authority, Wells Fargo's Motion is GRANTED for the reasons set forth below.

---

[1] Motion to Dismiss, docket no. 5, filed February 6, 2017.

[2] Notice of Removal, Exhibit 1, docket 2-1, filed January 30, 2017.

[3] Motion at 1–2.

[4] Plaintiff's [sic] Response to Defendant's [sic] Motion to Dismiss ("Opposition"), docket no. 15, filed May 16, 2017.

[5] Reply Memorandum in Support of Well [sic] Fargo's Motion to Dismiss, docket no. 20, filed June 8, 2017.

# BACKGROUND FACTS[6]

1. In 1973, Petitioner executed a trust agreement naming Marion Burrows Smith ("Ms. Smith") as Trustee of the Kathleen Smith Trust (the "Trust").[7]

2. The Trust purchased the property located at 1425 Tomahawk Drive, Salt Lake City, UT 84103 ( the "Property") in 1984.[8]

3. Under the language of the Trust, the Trust was to Terminate on the 40th birthday of the Petitioner, or on November 11, 1992.[9]

4. On February 25, 2003, the Trust conveyed the Property to Ms. Smith.[10]

5. On February 26, 2003, Ms. Smith obtained a line of credit from Wells Fargo pursuant to which Ms. Smith borrowed funds from Wells Fargo (the "2003 Loan"), secured by the Property (the "2003 Loan Transaction")[11]

6. Pursuant to the 2003 Loan Transaction, Ms. Smith signed a Deed of Trust (the "2003 Deed of Trust") which was recorded on March 7, 2003.[12]

7. At the time Wells Fargo recorded the 2003 Deed of Trust, the Property was owned by Ms. Smith.[13]

8. On March 3, 2003, Ms. Smith conveyed the Property back to the Trust.[14]

---

[6] The following facts are taken from the Petition, the documents referenced in the Petition and attached to the Motion, and publicly recorded documents also attached to the Motion. Petitioner did not object to the documents attached to the Motion or the consideration thereof and admitted in the Opposition that the documents referenced speak for themselves. Opposition at 2.

[7] Petition ¶ 6.

[8] *Id.*

[9] *Id.* ¶ 8.

[10] Motion, Exhibit C, Warranty Deed, docket no. 5-3, filed February 6, 2017.

[11] Petition ¶ 7.

[12] *Id.*

[13] Motion, Exhibit D, 2003 Deed of Trust, docket no. 5-4, filed February 6, 2017.

[14] Motion, Exhibit E, 2003 Warranty Deed, docket no. 5-5, filed February 6, 2017.

9. In March 2013, the Trust into a second line of credit transaction with Wells Fargo (the "2013 Loan Transaction").[15]

10. Pursuant to the terms of the 2013 Loan Transaction, on March 9, 2013, the Trust entered into a Short Form Open-End Deed of Trust (the "2013 Deed of Trust").[16]

11. The 2013 Deed of Trust was recorded on May 31, 2013.[17]

12. At the time Wells Fargo recorded the 2013 Deed of Trust, the Property was owned by the Trust.[18]

13. On June 3, 2013, Wells Fargo signed a Deed of Reconveyance conveying to Ms. Smith "the estate, title, and interest" held under the 2003 Deed of Trust.[19]

14. On September 1, 2016, the Trust conveyed the Property to Petitioner.[20]

## PROCEDURAL BACKGROUND

Petitioner originally filed this action in the Third Judicial District of the State of Utah.[21] As the caption of the Petition states, Petitioner sought relief for a wrongful lien under Utah Code Ann. § 38-9-205.[22] Under that statue, "a record interest holder of real property against which a wrongful lien is recorded may petition the district court in the county in which the document is recorded for summary relief to nullify the wrongful lien."[23] The district court then reviews the

---

[15] Petition ¶ 16.

[16] *Id.*

[17] Motion, Exhibit F, Deed of Trust docket no. 5-6, filed February 6, 2017.

[18] Petition ¶¶ 16–18, 24.

[19] *Id.* ¶ 14.

[20] Motion, Exhibit H, Quitclaim Deed, docket no. 5-8, filed February 6, 2017.

[21] Notice of Removal ¶ 1, docket no. 2, filed January 30, 2017.

[22] *Id.*

[23] Utah Code Ann. § 38-9-205.

petition for sufficiency.[24] If the district court finds the petition sufficient, the district court schedules a hearing and the petitioner is *then* required to serve a copy of the petition on the respondent and the notice of the hearing.[25]

That process was not followed here. After the Petition was filed in state court, a summons was issued to Wells Fargo,[26] apparently without the review of sufficiency and issuance of the notice of hearing as required under Utah Code Ann. § 38-9-205. Wells Fargo then removed the petition from state court to the federal court based on diversity jurisdiction [27] and filed the Motion.

To date, this action has proceeded as a typical civil action under the rules, notwithstanding the procedure specified in Utah statute. Therefore, it is appropriate to consider the Motion as one properly filed under Fed. R. Civ. 12.

## DISCUSSION

### Motion to Dismiss Standard

Wells Fargo moves under Fed. R. Civ. P. 12(b)(6) dismiss all three causes of action contained in the Petition: (1) wrongful lien, (2) statutory right to hearing, and (3) injunctive relief.[28] The Respondent is entitled to dismissal under Rule 12(b)(6) when the Petition, standing alone, is legally insufficient to state a claim for which relief may be granted.[29] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the Petition

---

[24] *Id.*

[25] *Id.*

[26] Notice of Removal ¶ 2.

[27] *Id.* ¶ 5.

[28] Motion at 2.

[29] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

4

is presumed, but conclusory allegations need not be considered.[30] Nor are the Petition's legal conclusions and opinions accepted, even if they are couched as facts.[31]

## Neither Deed of Trust is a Wrongful Lien Under Utah Law

Wells Fargo argues that the first cause of action identified in the Petition, Wrongful Lien, fails because the 2003 Deed of Trust and the 2013 Deed of Trust are not wrongful under Utah Law. As to the 2003 Deed of Trust, Wells Fargo points out that the deed has been released and no longer encumbers the Property.[32] Regarding the 2013 Deed of Trust, Wells Fargo argues that because the Trust owned the Property at the time of the 2013 Loan Transaction and when Wells Fargo recorded the 2013 Deed of Trust, that deed does not qualify as wrongful under the Utah Wrongful Lien Act.[33] In response, Petitioner argues that the deeds are either void ab initio or voidable because the terms of the Trust specified that it should have expired by the time both of these deeds were recorded.[34]

Under the accepted facts, the 2003 Deed of Trust was released in June 2013.[35] As it no longer encumbers the Property, it is not necessary to determine if the deed is (or was) wrongful. Therefore, the only lien that will be considered here is the 2013 Deed of Trust.

As established in the Utah Wrongful Lien Act, a wrongful lien is

[A]ny document that purports to create a lien, notice of interest, or encumbrance on an owner's interest in certain real property and at the time it is recorded is not .

---

[30] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[31] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras,* 63 F.3d 967, 972 (10th Cir. 1995).

[32] Motion at 5.

[33] *Id.*

[34] Opposition at 3.

[35] Petition ¶ 14.

. . signed by or authorized pursuant to a document signed by the owner of the real property.[36]

As the Utah Court of Appeals has acknowledged, The Act "requires a court to evaluate the validity of a lien based on the facts known at the time it was recorded, not at a later point in time after evaluating the merits."[37] Indeed, "given the unambiguous directive of the statute that wrongfulness of a lien is determined as of the time it is recorded," the only relevant question when considering if a lien is wrongful is "whether a plausible good-faith basis existed at that time " of the lien's filing."[38]

Here, the Petition specifies that at the time of the 2013 Loan Transaction and the 2013 Deed of Trust was recorded, the Property was owned by the Trust.[39] Based on the facts that were known at the time to Wells Fargo when 2013 Deed of Trust was recorded, Wells Fargo would have had a plausible good faith basis to record the deed. The 2013 Deed of Trust therefore cannot be considered a wrongful lien under the Utah Wrongful Lien act.

Petitioner's argument that the 2013 Deed of Trust is voidable[40] because the Trust had expired by that point in time addresses matters that cannot be considered in a claim under the Utah Wrongful Lien Act. This is because a review of a lien under the Act "may not determine any other property or legal rights of the parties or restrict other legal remedies of any party."[41] Taking up the question of the validity of the Trust at the time of the 2013 Loan Transaction and the associated legal rights of Ms. Smith as a trustee is beyond the limited scope of the Act.

---

[36] Utah Code Ann. § 38-9-102(12).

[37] *Pratt v. Pugh*, 238 P.3d 1073, 1076 (Utah Ct. App. 2010).

[38] *Lindstrom v. Custom Floor Covering Inc.*, 402 P.3d 171, 177 (Utah Ct. App. 2017).

[39] Petition ¶¶ 16–18, 24.

[40] Opposition at 3.

[41] *Lindstrom*, 402 P.3d at 178 (quoting Utah Code Ann. § 38-9-205(4)).

Again, the relevant concern is whether Wells Fargo had a good faith basis for recording the 2013 Deed of Trust based on the facts known to the Wells Fargo at the time. The facts outlined in the Petition demonstrate that Wells Fargo *did have* a good faith basis to record the 2013 Deed of Trust. This deed is not a wrongful lien, and Petitioner has failed to state a claim for which relief can be granted. Dismissal is appropriate and the first cause of action will be DISMISSED.

Due to the conclusion that 2013 Deed of Trust is not a wrongful lien, the remaining causes of action in the Petition—statutory right to a hearing and injunctive relief—have no basis. This Order specifically address the question that would have been addressed at a hearing, and because there is no wrongful lien, Petitioner is not entitled to an injunction requiring Wells Fargo to remove its lien on the Property. These remaining causes of action will also be DISMISSED.

## ORDER

IT IS HEREBY ORDERED that the Motion [42] is GRANTED. Petitioner's Petition is DISMISSED, with prejudice. The Clerk is directed to close the case.

Signed March 30, 2018.

BY THE COURT

David Nuffer
United States District Judge

---

[42] Motion to Dismiss, docket no. 5, filed February 6, 2017.